Filed 6/24/24  P. v. Helmholtz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOHN GEORGE HELMHOLTZ,

    Defendant and Appellant.

E081838

(Super.Ct.No. MCW1900090)

OPINION

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

John George Helmholtz appeals his commitment to an indeterminate term in the custody of the State Department of State Hospitals as a sexually violent predator.  His

1

attorney has filed a brief under the authority of *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) informing this court they were unable to identify any errors and asking us to perform an independent review of the record.  We affirm.

## BACKGROUND

In 2019, the Riverside County District Attorney petitioned to have Helmholtz designated a sexually violent predator under Welfare and Institutions Code section 6600, et seq.[1]  The court held a hearing under section 6602 in November 2019 and found there was probable cause to believe the allegations in the petition true.

Helmholtz waived his right to a jury trial, and the court held the trial on the petition beginning in March 2023 and ending in July of the same year.  The court issued its written decision on July 31, 2023, finding the allegations in the petition true.

## ANALYSIS

On Helmholtz's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227,

---

[1] Unlabeled statutory citations refer to the Welfare and Institutions Code.

231 (*Delgadillo*).) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Helmholtz's appeal presented no arguable issues, we offered Helmholtz an opportunity to file a personal supplemental brief, and he did not.

However, a notice provided a defendant may be "suboptimal" if the defendant "reasonably could have concluded" from it "that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) As *Delgadillo* noted, independent review of the record under *Anders*/*Wende* happens automatically after receiving a brief from appointed counsel under the authority of those cases and " 'does not depend on the . . . receipt of a brief from the defendant personally,' " whereas under *Delgadillo*, "the Court of Appeal may dismiss the appeal as abandoned" "[i]f the defendant does not file a supplemental brief or letter." (*Id.* at pp. 232-233.) Thus, when *Delgadillo* applies, but the notice sent to the defendant cites only to *Anders*/*Wende*, confusion may plausibly result. The notice in *Delgadillo* had this flaw (*id.* at p. 233), as did the notice here.

We are aware of no published decision applying *Delgadillo* to postconviction orders which commit appellants to custody in the State Department of State Hospitals. However, we are aware of at least one case holding that appellants are not entitled to

3

*Wende* review when appealing proceedings under the Sexually Violent Predator Act (§ 6600 et seq.). (See *People v. Kisling* (2015) 239 Cal.App.4th 288.) Nevertheless, because the notice to Helmholtz did not specify that his appeal would be dismissed if he did not file a supplemental brief, we choose to conduct an independent review anyway.

Counsel's brief raises one issue for our consideration: whether Helmholtz's counsel's failure to object to evidence of a penile plethysmograph test constituted ineffective assistance of counsel.

We have independently reviewed the record for potential error and find no arguable error that would result in a disposition more favorable to Helmholtz. Accordingly, we affirm.

DISPOSITION

We affirm the order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

McKINSTER _____
    Acting P. J.

MENETREZ _____
            J.